**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 07-60006-02** |
| **VERSUS** | * | **JUDGE HAIK** |
| **SANTIAGO VALDEZ** | * | **MAGISTRATE JUDGE METHVIN** |

*REPORT AND RECOMMENDATION ON MOTION TO SUPPRESS*
*Rec. Doc. 52*

On January 26, 2007, a Lafayette City Marshal's marked unit stopped a Dodge pickup truck driven by Angel Figueroa for failure to use a turn signal at an intersection in the City of Lafayette. Defendant Santiago Valdez, a passenger in the vehicle, gave a written consent to search the vehicle and officers found three pounds of methamphetamine hidden behind the speakers in the rear of the truck. Figueroa and Valdez were subsequently indicted in this court.

Valdez filed the instant motion to suppress on April 26, 2007, alleging that the police officers did not have a legitimate reason for the traffic stop and that the driver, Figueroa, did not consent to the search.[1] The government opposes the motion.[2]

*Evidentiary Hearing – when required*

An evidentiary hearing is required on a motion to suppress only when the defendant alleges material facts which, if proven, would justify relief. FED.R.CR.P. 41(E); United States v. Harrelson, 705 F.2d 733, 737 (5th Cir.1983). Factual allegations set forth in the motion and accompanying affidavits must be "sufficiently definite, specific, detailed, and non-conjectural, to enable the court to conclude that a substantial claim is presented." Id., quoting Cohen v. United

---

[1] Rec. Doc. 52.

[2] Rec. Doc. 55.

2

States, 378 F.2d 751, 761 (9th Cir.), *cert. denied*, 389 U.S. 897, 88 S.Ct. 217, 19 L.Ed.2d 215 (1967). General or conclusory assertions will not suffice. Harrelson, 705 F.2d at 737.

This Court's Criminal Scheduling Order requires that motions to suppress be supported by affidavits setting forth the specific material facts in dispute which justify an evidentiary hearing. The order also requires that the motion to suppress be supported by a memorandum of law and a list of the witnesses who will be called to testify.[3]

Valdez's motion to suppress was unsupported by an affidavit, memorandum of law, or list of witnesses. Counsel for Valdez stated that he had "not had ample time to research and cite cases in support thereof," and that he desired "to supplement this memorandum at a later time."[4]

On May 1, 2007, the undersigned issued an order requiring Valdez to file a memorandum in compliance with the Criminal Scheduling Order on or before May 14.[5] On May 11, 2007, Valdez filed a Declaration stating that no further pleadings or affidavits would be submitted in support of the pending motion to suppress.

*Merits of the motion*

Valdez's motion to suppress contains only conclusory allegations, and, as noted above, is unsupported by an affidavit, memorandum of law, or list of witnesses who will testify as to any material facts in dispute. The entirety of Valdez's argument is as follows:

> On January 26, 2007, three pounds of methamphetamines were seized from a vehicle driven by Angel Figueroa, a 1995 Dodge Dakota.

---

[3] Rec. Doc. 50.

[4] Rec. Doc. 52-2.

[5] Rec. Doc. 53.

3

>This seizure was an impermissible, non-consensual, and unconstitutional seizure. Figueroa did not consent to the search of the vehicle that he, Figueroa was driving at the time of the stop, namely 1:00 p.m. on January 26, 2007.
>
>The traffic stop of the Dodge Dakota was a pretext stop. No traffic offense was committed by Figueroa. Notwithstanding the lawful behavior, the vehicle was targeted to be stopped, allegedly due to some information obtained from some source, unknown to mover.[6]

Defendant essentially concedes that he has no evidence to present at an evidentiary hearing to refute the government's contention that the vehicle was stopped for the driver's failure to use a turn signal.[7] Furthermore, the fact that a traffic stop may be a "pretext" for suspicions of drug activity is irrelevant.

The Supreme Court held unanimously in Whren v. United States, 517 U.S. 806 (1996) that an officer's "[s]ubjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis." 517 U.S., at 813. Whren relied on United States v. Robinson, 414 U.S. 218 (1973), for the proposition that "a traffic-violation arrest ... [will] not be rendered invalid by the fact that it was 'a mere pretext for a narcotics search.' " 517 U.S., at 812-813. "So long as a traffic law infraction that would have objectively justified the stop had taken place, the fact that the police officer may have made the stop for a reason other than the occurrence of the traffic infraction is irrelevant for purposes of the Fourth Amendment." United States v. Lopez-Moreno, 420 F.3d 420, 432 (5th Cir. 2005) *quoting* Goodwin v. Johnson, 132 F.3d 162, 173 (5th Cir.1997).

---

[6] Rec. Doc. 52.

[7] The government states that the officers stopped the vehicle when Figueroa failed to use a turn signal at the intersection of Southwest Evangeline Thruway and Taft Street in Lafayette, Louisiana and that a K-9 narcotics detector dog indicated a positive alert for the presence of narcotics. Although the government states in the memorandum that Figueroa gave written consent to search the vehicle, the attachment to the memorandum shows that it was in fact Valdez who gave written consent (see "Attachment A" to Rec. Doc. 55, the government's response).

4

The stopping of a vehicle and the detention of its occupants is a seizure within the meaning of the Fourth Amendment. United States v. Shabazz, 993 F.2d 431, 434 (5th Cir.1993). The standard for evaluating challenges to routine warrantless stops for violating traffic laws is the two-step formulation of Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). See United States v. Zucco, 71 F.3d 188, 190 (5th Cir.1995); Shabazz, 993 F.2d at 434-35. The court determines "whether the officer's action was justified at its inception, and whether it was reasonably related in scope to the circumstances which justified the interference in the first place." Shabazz, 993 F.2d at 435 *quoting* Terry, 392 U.S. at 20, 88 S.Ct. 1868.

Defendant has presented only conclusory allegations, and therefore has failed to identify any material facts which would challenge the government's contention that the traffic stop was justified at its inception.

Valdez alternatively contends that the seizure was unconstitutional because Figueroa, the driver, did not consent to the search of the vehicle. However, the government has submitted a copy of the "Permission to Search" form executed by Valdez himself. Apparently, at the scene of the traffic stop, Figueroa and/or Valdez told police officers that Valdez was the owner of the vehicle. Again, Valdez fails to submit any support for his theoretical argument that his consent was invalid or insufficient. Valdez does not contest that his consent was given knowingly, intelligently, and freely.

It is well-settled that a search conducted pursuant to consent is an exception to the Fourth Amendment's warrant requirement. U.S. v. Tompkins, 130 F.3d 117, 121 (5th Cir.1997). See also U.S. v. Cooper, 43 F.3d 140, 144 (5th Cir.1995); U.S. v. Asibor, 109 F.3d 1023, 1038-39 (5th Cir.1997).

5

Furthermore, Valdez fails to contest the government's argument that the search was also valid because officers had probable cause: a K-9 narcotics detector dog conducted an "open air" search of the vehicle and indicated a positive alert for the presence of narcotics.

*Conclusion*

Considering the foregoing, the undersigned concludes that the motion to suppress is conclusory, unsupported, and that no evidentiary hearing is required to resolve the issues. Accordingly, **IT IS RECOMMENDED** that defendant's motion to suppress be **DENIED.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) days from receipt of this Report and Recommendation to file specific, written objections with the Clerk of Court. Counsel are directed to furnish a courtesy copy of any objections or responses to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this report and recommendation within ten (10) days from the date of its service, or within the time frame authorized by Fed.R.Civ. P. 6(b), shall bar an aggrieved party from attacking the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

Signed at Lafayette, Louisiana, on June 18, 2007.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)